IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DESMOND HARDIMON,

    Petitioner

v.   :   CIVIL NO. 4:CV-13-1750

WARDEN DELBERT SAUERS,   :   (Judge Brann)

    Respondent

**MEMORANDUM**

January 20, 2015

FILED WILLIAMSPORT JAN 20 2015 PER ___ DEPUTY CLERK

**Background**

This pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed by Desmond Hardimon, an inmate presently confined at the Allenwood Low Security Correctional Institution, White Deer, Pennsylvania (LSCI-Allenwood). LSCI-Allenwood Warden Delbert Sauers is named as Respondent. Following service of the petition, a response was timely filed by Respondent. See Doc. 7. Petitioner thereafter submitted a reply. See Doc. 8.

Hardimon states that he is presently serving a federal sentence which was imposed by the United States District Court for the Northern District of Indiana. Petitioner's present action does not challenge the legality of his federal guilty plea

1

or the sentence imposed. Rather, Hardimon claims entitlement to federal habeas corpus relief on the grounds that the Federal Bureau of Prisons (BOP) has failed to properly credit his federal sentence with time spent in confinement prior to sentencing. Petitioner asserts that his sentence should be credited as having commenced on May 30, 2007, or at the very least he should be given credit for time spent confined from June 6, 2007 to June 6, 2008. See Doc. 1, ¶ 12.

Specifically, Petitioner states while serving a state sentence in the State of Illinois, he was transferred to federal custody on May 10, 2007 pursuant to a writ of habeas corpus ad prosequendum. See Doc. 2, p. 1. According to Hardimon, he was subsequently arraigned in federal court on May 31, 2007 and later pled guilty to a federal offense and was sentenced to a 240 month term of imprisonment on July 30, 2008.[1] The Petitioner maintains that he was not returned to state custody and that his state sentence continued to run until June 6, 2007 when he was granted parole. Hardimon adds that he was released from state parole while still in federal custody on June 6, 2008.

Respondent contends that Petitioner's sentence has been calculated as commencing on July 30, 2008 (the date of his federal sentencing) and he has

---

[1] Petitioner notes that his federal sentence was later reduced on January 13, 2010 to a 135 month term and that the sentencing judge recommended that he be given credit for time served from the date of his May 31, 2007 arrest. See id. at p. 2.

2

received sentence credit from June 7, 2008 (the date after Petitioner was paroled from his state sentence) thru July 29, 2008 (the day before Hardimon's federal sentence began).[2] See Doc. 7, p. 3.

**Discussion**

Title 28, United States Code § 2241, vests the federal district courts with jurisdiction to grant a writ of habeas corpus to persons in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

Based upon the nature of Hardimon's pending claim that he has not provided with proper credit for time served against his federal criminal sentence, this matter is properly brought under § 2241. Second, as noted earlier there is no contention by Respondent that Petitioner has not exhausted his administrative remedies or that his action was untimely filed. Accordingly, the merits of Petitioner's claims will be addressed.

---

[2] A total of 53 days.

The parties concur that Petitioner was arrested by local law enforcement officials in Illinois on April 24, 2006 on a state drug related charge. He was convicted in state court and was sentenced on November 28, 2006 to a four tear term of imprisonment. It is undisputed that on May 31, 2007, while serving his state sentence, Petitioner was temporarily transferred into federal custody pursuant to a writ of habeas corpus <u>ad</u> <u>prosequendum</u>. While still on the federal writ Hardimon was paroled from state custody.

Hardimon's federal sentence clearly commenced on July 30, 2008, the date it was imposed. <u>See</u> <u>United States v. Pungitore</u>, 910 F.2d 1084, 1118-19 (3d Cir. 1990)(a federal sentence generally does not commence until the Attorney General of the United States receives the defendant into custody for service of his or her sentence. ).

It is initially noted that Petitioner contends that he was paroled from his state sentence on June 6, 2007. However, he has not provided the Court with any evidence to support that argument. On the contrary, Respondent has submitted a copy of a report from the Illinois Department of Corrections Offender tracking system which clearly provides that Hardimon was granted parole from his state sentence on June 6, 2008. <u>See</u> Doc. 7-2, p. 9. Based upon the undisputed evidence submitted by Respondent his Court will accept June 6, 2008 as the date

of Petitioner's parole from state custody.

Ad prosequendum writs do not constitute a transfer to federal custody. United States v. Vega, 493 F.3d 310, 314 (3d Cir. 2007). A prisoner is only entitled to credit against his federal sentence for a period of time spent in federal detention pursuant to a writ of habeas corpus ad prosequendum "unless and until the first sovereign relinquishes jurisdiction over the prisoner." Rios v. Wiley, 201 F.3d 257, 274 (3d Cir. 2000). Petitioner has not provided any evidence showing that the State of Illinois relinquished jurisdiction. Furthermore, Hardimon acknowledges that spent in federal detention while on the writ was credited towards service of his state sentence thus indicating that there was no relinquishment by the state.

Furthermore, since the amount of time encompassed by the writ of habeas corpus ad prosequendum was credited towards service ot Petitioner's state sentence, thus, precluding any entitlement to federal sentence credit under Rios. See Graham v. Zickefoose, 2013 WL 1786332 *5(D.N.J. April 25, 2013) (BOP cannot grant credit "against a federal sentence for time that has been credited against defendant's state sentence, even though the defendant was writted to the control of federal authorities while awaiting federal trial").

Credit against a federal sentence can also attach when "a federal detainer is
5

the <u>exclusive</u> reason for an inmate's pretrial confinement." <u>United States v. Blankenship</u>, 733 F.2d 433, 434 (6th Cir. 1984) (emphasis in original); <u>Boniface v. P.M. Carlson</u>, 856 F.2d 1434, 1436 (9th Cir. 1988). Similarly, 18 U.S.C. § 3585(b) provides that a federal prisoner shall be given credit towards service of a term of imprisonment for any time spent in official detention, prior to the date his/her sentence commences, which has not been credited towards service of another sentence. § 3585(b) generally prohibits an award of double credit, in other words, a habeas petitioner may not receive credit on a federal sentence for time that has already been credited against a state sentence.[3] See <u>Chambers v.</u>

---

[3] § 3585. Calculation of a term of imprisonment

    (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

        (1) as a result of the offense for which the sentence was imposed; or

        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Holland, 920 F. Supp. 618, 623 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996).

Federal prisoners are not entitled to prior custody time credit towards service of their federal sentence for periods of time spent in state custody unless the time was not credited towards their state sentence. United States v. Grimes, 641 F.2d 96, 99 (3d Cir. 1981); see also Doyle v. Department of Justice, 1995 WL 412406 *7 (E.D. Pa. July 7, 1995). As discussed above, the BOP acted properly in not awarding Petitioner double credit for any period of pre-federal sentence confinement.

Conclusion

Petitioner is not entitled to any addition federal sentence credit because: (1) the writ ad prosequendum was not a relinquishment of custody by the State of Illinois, which was Petitioner's primary custodian; (2) a federal detainer was not the exclusive reason for Hardimon's federal pre-trial confinement; (3) all federal pre-sentence confinement serve by Petitioner was credited towards service of either his Illinois state sentence or applied towards service of huis federal sentence.

                              BY THE COURT:

                              s/ Matthew W. Brann
                              Matthew W. Brann
                              United States District Judge